**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTIRCT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FANNIE K. BLOODWORTH, | ) | |
| TANIKA THOMAS–COOLEY, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ELKS AIDMORE, | ) | |
| INCORPORATED, | ) | |
| ABE WILKINSON, | ) | JURY TRIAL REQUESTED |
| ANDREA FRONEAK, | ) | |
| VICKIE HAIL, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

NOW COME Plaintiffs, Fannie K. Bloodworth and Tanika Thomas-Cooley, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA.  Plaintiffs further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiffs states the following as their Collective Action Complaint in this matter:

## I.    JURISDICTION AND VENUE

### 1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

### 2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

### 3.

Based upon Plaintiffs' information and belief, Defendant, Elks Aidmore, Incorporated ("Elks"), is a domestic nonprofit corporation organized and existing under the State laws of Georgia, with a principal place of business of 2394 Morrison Road SW, Conyers, Georgia 30094-3330.

### 4.

Service of process for Elks can be effectuated through its registered agent, Abe Wilkinson, 2394 Morrison Road, Rockdale, Conyers, Georgia 30094.

### 5.

Based upon Plaintiffs' information and belief, Defendant, Abe Wilkinson ("Wilkinson"), is an adult resident citizen of Walton County, Georgia.

6.

Wilkinson is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiffs as defined by 29 U.S.C. 203(d). Specifically, Wilkinson made employment and compensation decisions related for the Plaintiffs and other Defendants to this action.

7.

Based upon Plaintiffs' information and belief, Defendant, Andrea Froneak ("Froneak"), is an adult resident citizen of Rockdale County, Georgia.

8.

Froneak is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiffs as defined by 29 U.S.C. 203(d). Specifically, Froneak made employment and compensation decisions related for the Plaintiffs and other Defendants to this action.

9.

Based upon Plaintiffs' information and belief, Defendant, Vicky Hall ("Hall"), is an adult resident citizen of Rockdale County, Georgia.

10.

Hall is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiffs as defined by 29 U.S.C. 203(d). Specifically,

Hall made employment and compensation decisions related for the Plaintiffs and other Defendants to this action.

11.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.   PARTIES

12.

Plaintiff, Fannie K. Bloodworth, ("Bloodworth") is an adult resident citizen of DeKalb County, Georgia.

13.

Plaintiff, Tanika Thomas–Cooley, ("Thomas–Cooley") is an adult resident of Douglas County, Georgia.

14.

At all times relevant to this Complaint, Plaintiffs were a "covered employee" as defined by 29 U.S.C. §203(e)(1).

15.

At all times relevant, Defendants employed the Plaintiffs to perform labor for their benefit in this District, and Defendants made employment and

compensation related decisions regarding the Plaintiffs and other similarly situated employees within this District.

16.

At all times relevant hereto, Plaintiffs and other similarly situated employees suffered and/or were permitted to work for the benefit of the Defendants.

17.

Defendant, Elks, lists its principal office address as 2394 Morrison Road SW, Conyers, Georgia 30094-3330. Upon information and belief, Defendant Elks is a domestic nonprofit Corporation conducting business within the State of Georgia and within this district.

18.

Defendant Wilkinson is a resident of Walton County, Georgia.

19.

Wilkinson is a corporate officer of Elks. At all times relevant to this Complaint, Wilkinson served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Elks.

20.

Defendant Froneak is an adult resident citizen of Rockdale County, Georgia.

21.

Froneak, based upon information and belief, is a manager of Elks. At all times relevant to this Complaint, Froneak served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Elks.

22.

Defendant Hall is an adult resident citizen of Rockdale County, Georgia.

23.

Hall, based upon information and belief, is a manager of Elks. At all times relevant to this Complaint, Hall served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Elks.

24.

Defendants describe the business as providing campus-based residential care and therapeutic foster care and prevention services for adolescents.

25.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

26.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

27.

Defendants directed Plaintiffs and directed its other similarly situated employees to individually engage in interstate commerce.

28.

Plaintiffs, as part of their job duties, regularly engaged in interstate commerce.

29.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

30.

Plaintiff Bloodworth is an adult resident of the State of Georgia. Plaintiff Bloodworth was employed by the Defendants from in or around November 2011 to March 2016.

31.

Plaintiff Thomas–Cooley is an adult resident of the State of Georgia. Plaintiff Thomas–Cooley was employed by the Defendants from in or around December 2011 to June 2016.

32.

Defendants employed two separate compensation structures when employing Plaintiffs and other similarly situated employees as Direct Care Staff.

33.

For those employees working as Direct Care Staff in as-needed capacity, the Defendants compensated them on an hourly basis, which entitled Plaintiffs and other similarly situated employees to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

34.

For those employees working as Direct Care Staff in a routine capacity, the Defendants compensated them on a salary basis.

35.

Plaintiffs were employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

36.

The Defendants determined which employees were classified as nonexempt hourly employees and which employees were classified as exempt hourly employees.

37.

The Defendants improperly classified Direct Care Staff as exempt employees.

38.

The Defendants set the compensation policies for all employees, which governed the manner in which employees were compensated, including timekeeping policies, the method of overtime compensation, *etc*.

39.

Wilkinson enforced Elk's policies related to the compensation of the Plaintiffs and all similarly situated employees, which resulted in failure to fully and

adequately compensate all hourly Direct Care Staff and also resulted in the misclassification of Direct Care Staff pursuant to the FLSA.

40.

Froneak enforced Elk's policies related to the compensation of the Plaintiffs and all similarly situated employees, which resulted in failure to fully and adequately compensate all hourly Direct Care Staff and also resulted in the misclassification of Direct Care Staff pursuant to the FLSA.

41.

Hall enforced Elk's policies related to the compensation of the Plaintiffs and all similarly situated employees, which resulted in failure to fully and adequately compensate all hourly Direct Care Staff and also resulted in the misclassification of Direct Care Staff pursuant to the FLSA.

42.

Plaintiff Bloodworth was employed as Direct Care Staff on an as needed basis and was compensated at the rate of $10 per hour during times relevant to this Complaint.

43.

Plaintiff Thomas-Cooley was employed as Direct Care Staff in two capacities: on an as-needed basis, where she was compensated at the rate of $12

per hour, and in a routine capacity, where she was compensated at the rate of approximately $27,000 per annum. Plaintiff Thomas-Cooley was compensated solely on an hourly basis from December 2011 through January 2014. From January 2014 through June 2016 she was compensated on a salary basis during her regular shift, and was compensated on an hourly basis for additional shifts she worked on an as-needed basis.

44.

Plaintiffs were employed as Direct Support Staff during times relevant.

45.

As Direct Support Staff, Plaintiffs' job function was to provide companionship services and fellowship services to adolescence in a group home environment.

46.

Plaintiff Bloodworth routinely worked in excess of forty (40) hours per week, reporting the hours worked via a manual time sheet that was approved by Elks. Despite reporting these hours, Elks failed to pay the overtime premium.

47.

Plaintiff Thomas-Cooley worked a set schedule and filled in for additional shifts, which resulted in Plaintiff Thomas-Cooley working in excess of 40) hours

per week.  Plaintiff Thomas-Cooley reported the hours worked via a manual time sheet that was approved by Elks.  Despite reporting these hours, Elks failed to pay the overtime premium.

48.

Defendants required Plaintiffs and to submit the hours suffered by utilizing a manual time card.

49.

Plaintiffs routinely worked in excess of forty (40) hours per week and reported these hours to the Defendants.

50.

Despite reporting the hours to the Defendants, the Defendants failed to fully and adequately compensate Plaintiffs for all hours suffered.

51.

The Defendants knowingly and willfully failed to compensate Plaintiffs by failing fully compensate them for their straight time wages as well as her overtime wages for hours worked in excess of forty (40) hours.

52.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs for the straight

time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

53.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

54.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

55.

Defendants have failed to keep accurate time records for the Plaintiffs in conformity with the FLSA.

56.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

57.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiffs in conformity with the requirements of the FLSA.

58.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages and have also misclassified its employees as exempt from the FLSA.

59.

29 C.F.R. 785.10 to 785.45 provides that workers providing services to the disable and the elderly and other domestic service workers, including live-in domestic service employees (aside from those limited to an individual, family, or household) providing companionship services are not exempt from the overtime provision of the FLSA.

60.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it, failure to minimum wages, failure to pay the premium for hours worked in excess of forty (40) per week, and/or violations of the FLSA for misclassify Direct Care Staff as exempt.

61.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the minimum wage, straight time wages, and overtime premium.

62.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiffs the amount of pay as required by law.

63.

Upon information and belief, Defendants have negligently, intentionally and repeatedly created a manipulated time record to reflect its employees were working less hours then actually worked, including but not limited to misclassifying the employees as exempt.

64.

As a result of these actions, Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading

conduct set forth above, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

65.

As a result of the Defendants' violation of the FLSA, Plaintiffs, as well as other similarly situated employees, have suffered damages by failing to receive compensation due in accordance with the FLSA.

66.

Plaintiffs are entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

67.

Defendants have not made a good faith effort to comply with the FLSA.

68.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

69.

There are numerous similarly situated hourly employees and former hourly employees of Defendants who have been improperly compensated in violation of the FLSA, and would likewise benefit from the issuance of Court supervised notice of this case as well as an opportunity to join the present case.

70.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendants who were not compensated for all hours worked, were not paid the overtime premium for those hours in excess of forty (40) per week, were not paid at least the minimum wage, and who misclassified as exempt as set forth in this Complaint.

71.

The similarly situated employees are known to Defendants and are readily identifiable from the Defendants' employee records.

72.

There exists a common question of law and fact with regard to Plaintiffs and all similarly situated current and former employees.  Those issues include but are not limited to:

a. Whether the Defendants failed to pay overtime wages to its employees when working more than forty (40) hours in a week;

b. Whether the Defendants failed to pay regular wages to its employees when working more that forty (40) hours in a week; and

c. Whether the Plaintiffs were misclassified as exempt employees.

## IV.   COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES

### 73.

Plaintiffs incorporate by reference paragraphs 1 – 72 as if full set forth herein.

### 74.

Defendants have misclassified Plaintiffs and similarly situated employees as exempt employees.

### 75.

Plaintiffs and similarly situated employees as non-exempt employees of Defendants were entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

### 76.

The Defendants have willfully failed to compensate Plaintiffs and similarly situated employees for all hours suffered including both the straight time hours and overtime hours worked during their employment.

### 77.

Defendants, by such failure, have willfully violated the wage and overtime provisions of the FLSA.

78.

Defendants have failed to keep adequate records of all time worked by the Plaintiff.

79.

Defendants, by such failure, have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.  Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.  Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.  All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.  COUNT TWO: PRAYER FOR COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(B).

80.

Plaintiffs incorporate by reference paragraphs 1 – 79  as if fully set forth herein.

81.

Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and all present and former non-exempt employees of the Defendants, who worked within the three (3) years prior to the filing of this complaint.

82.

Plaintiffs, and those employees similarly situated, worked at the same location, and are subjected to the same unlawful and willful wage policies and practice that are the subject of this complaint.

83.

Plaintiffs and all those employees similarly situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

84.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendants who were not compensated for all hours worked, who were not paid the overtime premium for those hours in excess of forty (40) per week, and who were misclassified as exempt employees.

85.

The similarly situated employees are known to Defendants and are readily identifiable from the Defendants' employee records.

86.

There exists a common question of law and fact with regard to Plaintiffs and all similarly situated current and former employees.  Those issues include but are not limited to:

a.   Whether the Defendants failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

b.   Whether the Defendants failed to pay regular wages to its employees when working more that forty (40) hours in a week; and

c.   Whether the Defendants misclassified Plaintiffs as exempt employees.

WHEREFORE Plaintiffs, individually and on behalf of all other similarly situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

A.  At the earliest time, Plaintiffs be allowed to give notice, or that the Court issue such Notice to all Defendants' hourly employees at its locations during the three (3) years preceding the filing of this action, to all potential Plaintiffs who may be similarly situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if the employee or former employee worked overtime but was not paid in accordance with the FLSA or was classified as exempt from the FLSA;

B.  Plaintiffs, and all other potential Plaintiffs, be awarded damages in the amount of each Plaintiffs' respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C.  Plaintiffs' and all other potential plaintiffs' reasonable attorneys' fees, costs and expenses; and

D.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 2nd day of February, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295